# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
**Filed: July 20, 2017**

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DONNA SCAMBY POWERS, | * | |
| | * | UNPUBLISHED |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | No. 15-1096V |
| | * | |
| SECRETARY OF HEALTH | * | Proffer; Not Contesting Entitlement; |
| AND HUMAN SERVICES, | * | Influenza (Flu) Vaccine; Guillain-Barré |
| | * | Syndrome (GBS) |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Lawrence R. Cohan,* Anapol Weiss, Philadelphia, PA, for petitioner.
*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON PROFFER[1]

**Gowen**, Special Master:

On September 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré Syndrome (GBS) as a result of an influenza vaccine administered on October 10, 2012. Petition at 1.

On June 29, 2017, respondent filed a status report along with his Rule 4(c) Report in which he states that he does not contest that petitioner is entitled to compensation in this case. Respondent's Status Report at 1. On July 13, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. Counsel for the parties have worked diligently with their experts and have come to a resolution of damages. Their respective life care planners have

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agreed on future care issues and costs.  The parties have submitted a projection of future lost wages, which has been reduced to present value and to which they have agreed.  On July 14, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $841,728.00.  Proffer at 5.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  I have reviewed the proffer and do award damages in accord with it. The Proffer is incorporated herein and made a part hereof as Appendix A.  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer**, **the undersigned awards petitioner the following in compensation:**

1) **A lump sum payment of $841,728.00, representing compensation for lost past and future earnings ($618,595.00), pain and suffering ($173,968.00), and life care expenses for Year One ($49,165.00), in the form of a check payable to petitioner, Donna Scamby Powers.[3]**

2) **An amount sufficient to purchase an annuity contract as described in Section II. B of the Proffer attached herein as Appendix A, paid to the life insurance company from which the annuity will be purchased.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                              **s/Thomas L. Gowen**
                                              Thomas L. Gowen
                                              Special Master

---

[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF THE SPECIAL MASTERS**

| | |
|---|---|
| DONNA SCAMBY POWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-1096V |
| v. ) | Special Master Thomas L. Gowen |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent, ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I. Items of Compensation**

**A. Life Care Items**

Respondent engaged life care planner Linda Curtis, RN, MSN, CCM, CNCLP, and petitioner engaged Roberta Hurley, Hurley and Econs Consulting, to provide an estimation of Donna Scamby Powers's ("petitioner") future vaccine-injury related needs. The parties' planners came to a joint consensus regarding appropriate items of care. For the purposes of this proffer, the term "vaccine-related" is as described in respondent's Rule 4(c) Report filed on June 29, 2017. All items of compensation identified in the agreed upon life care plan are supported by the evidence, and are illustrated by the chart entitled Tab A: Items of Compensation for Donna Scamby Powers, attached hereto as Tab A.[1] Respondent proffers that petitioner should

---

[1] Tab A illustrates the annual benefits provided by the agreed upon life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

1

be awarded all items of compensation set forth in the agreed upon life care plan and illustrated by the chart attached at Tab A.   Petitioner agrees.

### B.  Lost Future Earnings

The parties agree that based upon the evidence of record, Donna Scamby Powers has suffered a past loss of earnings and will continue to suffer a loss of earnings in the future. Therefore, respondent proffers that petitioner should be awarded lost past and future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).   Respondent proffers that the appropriate award for petitioner's lost past and future earnings is $618,595.00.   This amount reflects that the award for lost future earnings has been reduced to net present value.   Petitioner agrees.

### C.  Pain and Suffering

Respondent proffers that petitioner should be awarded $173,968.00 in actual and projected pain and suffering.   This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).   Petitioner agrees.

### D.  Past Un-reimbursable Expenses

Petitioner represents that she has not incurred any past un-reimbursable expenses related to her vaccine-related injury.

### E.    Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against her.

## II. Form of the Award

The parties recommend that the compensation provided to Donna Scamby Powers should be made through a combination of a one-time lump sum payment and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following for all compensation[2] available under 42 U.S.C. § 300aa-15(a).

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A. A lump sum payment of **$841,728.00**, (representing compensation for lost past and future earnings ($618,595.00), pain and suffering ($173,968.00) and life care expenses for Year One ($49,165.00)), in the form of a check payable to petitioner; and

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[4]

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings and future projected pain and suffering and the parties reserve the right to move the Court for appropriate relief.

[3] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

from which the annuity will be purchased.[5]   Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to Donna Scamby Powers, only so long as Ms. Powers is alive at the time a particular payment is due.   At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.   The "annual structured settlement benefits" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

### 1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a six percent (6%) growth rate should be applied to all medical life care items.   Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows:   four percent (4%) compounded annually from the date of judgment for non-medical items, and six percent (6%) compounded annually from the date of judgment for medical items.

### 2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Petitioner's estate shall provide written notice to the Secretary of Health and Human Services

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

and the Life Insurance Company within twenty (20) days of Ms. Powers' death.

### 3. Guardianship Issues

Petitioner is a legally competent adult, and aforementioned payments will be made directly to petitioner.

## III. Summary of Recommended Payments Following Judgment

A. Lump sum paid to petitioner: **$841,728.00**

B. An amount sufficient to purchase the annuity contract described above in Section II. B.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4133

DATE:  July 14, 2017

5

**Pet. Donna Scamby Powers**
**D.O.B. 09/25/1953**

DATE: 07/06/17
TIME: 12:35 PM

**SUMMARY OF LIFE CARE ITEMS - RESPONDENT'S LIFE CARE PLAN dated May 2, 2017**

| ITEM OF CARE | Insurance | Medical Care | Ancillary Services | Equipment | Medications | Home Services | Transportation | Home Modifications | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 6.0% & 4.0% ITEMS AFTER APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 6.0% | 6.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE YEAR | | | | | | | | | | | |
| 64 2017 | 2,000.00 | 815.00 | 1,680.00 | 15,950.33 | 1,260.00 | 9,196.00 | 439.00 | 17,825.00 | 2,815 | 46,350 | 49,165 |
| 65 2018 | 0.00 | 863.90 | 291.20 | 867.78 | 1,310.40 | 9,497.28 | 45.66 | 0.00 | 864 | 12,012 | 12,876 |
| 66 2019 | 4,244.50 | 337.08 | 0.00 | 902.49 | 0.00 | 9,877.17 | 47.48 | 0.00 | 4,582 | 10,827 | 15,409 |
| 67 2020 | 4,499.17 | 357.30 | 0.00 | 938.59 | 0.00 | 10,272.26 | 49.38 | 0.00 | 4,856 | 11,260 | 16,117 |
| 68 2021 | 4,769.12 | 378.74 | 0.00 | 976.14 | 0.00 | 10,683.15 | 51.36 | 0.00 | 5,148 | 11,711 | 16,859 |
| 69 2022 | 5,055.27 | 401.47 | 0.00 | 1,015.18 | 0.00 | 11,110.47 | 53.41 | 0.00 | 5,457 | 12,179 | 17,636 |
| 70 2023 | 5,358.58 | 425.56 | 0.00 | 1,055.79 | 0.00 | 11,554.89 | 55.55 | 0.00 | 5,784 | 12,666 | 18,450 |
| 71 2024 | 5,680.10 | 451.09 | 0.00 | 1,098.02 | 0.00 | 12,017.09 | 57.77 | 0.00 | 6,131 | 13,173 | 19,304 |
| 72 2025 | 6,020.90 | 478.15 | 0.00 | 1,141.94 | 0.00 | 12,497.77 | 60.08 | 0.00 | 6,499 | 13,700 | 20,199 |
| 73 2026 | 6,382.16 | 506.84 | 0.00 | 1,187.62 | 0.00 | 12,997.68 | 62.48 | 0.00 | 6,889 | 14,248 | 21,137 |
| 74 2027 | 6,765.09 | 537.25 | 0.00 | 1,235.13 | 0.00 | 13,517.59 | 64.98 | 0.00 | 7,302 | 14,818 | 22,120 |
| 75 2028 | 7,170.99 | 569.49 | 0.00 | 1,284.53 | 0.00 | 14,058.29 | 67.58 | 0.00 | 7,740 | 15,410 | 23,151 |
| 76 2029 | 7,601.25 | 603.66 | 0.00 | 1,335.91 | 0.00 | 14,620.63 | 70.29 | 0.00 | 8,205 | 16,027 | 24,232 |
| 77 2030 | 8,057.33 | 639.88 | 0.00 | 1,389.35 | 0.00 | 15,205.45 | 73.10 | 0.00 | 8,697 | 16,668 | 25,365 |
| 78 2031 | 8,540.77 | 678.27 | 0.00 | 1,444.92 | 0.00 | 15,813.67 | 76.02 | 0.00 | 9,219 | 17,335 | 26,554 |
| 79 2032 | 9,053.21 | 718.97 | 0.00 | 1,502.72 | 0.00 | 16,446.22 | 79.06 | 0.00 | 9,772 | 18,028 | 27,800 |
| 80 2033 | 9,596.41 | 762.11 | 0.00 | 1,562.83 | 0.00 | 17,104.06 | 82.22 | 0.00 | 10,359 | 18,749 | 29,108 |
| 81 2034 | 10,172.19 | 807.83 | 0.00 | 1,625.34 | 0.00 | 17,788.23 | 85.51 | 0.00 | 10,980 | 19,499 | 30,479 |
| 82 2035 | 10,782.52 | 856.30 | 0.00 | 1,690.35 | 0.00 | 18,499.76 | 88.93 | 0.00 | 11,639 | 20,279 | 31,918 |
| 83 2036 | 11,429.47 | 907.68 | 0.00 | 1,757.97 | 0.00 | 19,239.75 | 92.49 | 0.00 | 12,337 | 21,090 | 33,427 |
| 84 2037 | 12,115.24 | 962.14 | 0.00 | 1,828.29 | 0.00 | 20,009.34 | 96.19 | 0.00 | 13,077 | 21,934 | 35,011 |
| | 145,294 | 13,059 | 1,971 | 41,791 | 2,570 | 292,007 | 1,799 | 17,825 | 158,353 | 357,963 | 516,316 |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*